# EXHIBIT A

FILED 11/4/2025 3:17 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ALLEN HORD

Case No.:    25CV10006

Plaintiff

VS

ARIEL RICHARDSON

and

A RICH WINES LLC

Defendant

# SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): A Rich Wines, LLC

You are hereby summoned and required to file electronically with the Clerk of said court at http://www.odysseyefilega.com/ and serve upon the Plaintiff's attorney, whose name, address and email is:

      Darshan Patel
      Briskin, Cross & Sanford, LLC
      33 S. Main Street, Suite 300, Alpharetta, GA 30009
      dpatel@briskinlaw.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This    4th    day of    November    , 20    25    .

           Honorable Debra DeBerry
           Clerk of Superior Court

           By   /s/ Jahri Meriwether
                Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 11/4/2025 3:17 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ALLEN HORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25CV10006 _____ |
| | ) | |
| ARIEL RICHARDSON and | ) | |
| | ) | |
| A RICH WINES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW, Allen Hord, Plaintiff in this matter, and hereby files this Complaint for Damages against Ariel Richardson and A Rich Wines, LLC, the Defendants in this matter, and shows the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff ("Plaintiff" or "Dr. Hord") is a resident of DeKalb County, Georgia.

2.

Defendant Ariel Richardson ("Richardson") is an individual residing at 7825 Firefall Way, Apt. 2202, Dallas, Texas 75230, where she may be served.

3.

Defendant A Rich Wines, LLC ("AR Wines") is a foreign limited liability company with a principal office address at 7825 Firefall Way, Suite 2202, Dallas, Texas 75230, and it may be served via its registered agent, Registered Agents, Inc., at 8735 Dunwoody Place, Suite R, Atlanta, GA 30350.

4.

This Court has jurisdiction over the subject matter of this action.

5.

This Court has personal jurisdiction over the Defendants by operation of O.C.G.A. 9-10-91(1)-(3) in that Defendants regularly have transacted business in Georgia, have engaged in tortious conduct in Georgia that resulted in injury and damages to Plaintiff, a Georgia citizen, and have derived substantial revenue from activities in Georgia.

6.

Venue is proper in this Court pursuant to O.C.G.A. § 9-10-93.

**BACKGROUND FACTS**

7.

In late 2018, Plaintiff and Richardson entered into discussions about forming AR Wines, a luxury wine company.

8.

In the course of those conversations, Plaintiff and Richardson registered a website domain for AR Wines and began creating mock up labels for it.

9.

Beginning in January 2023, Richardson represented to Plaintiff that she and Plaintiff were business partners and, in exchange for financial contributions, Plaintiff would be given ownership shares in AR Wines.

10.

In reliance upon Richardson's representations, Plaintiff began contributing funds toward to Richardson and AR Wines.

11.

Around that same time, Plaintiff and Richardson applied for loans and met with graphic designers, consultants, and marketing partners together for AR Wines.

12.

At all times during those conversations, Richardson referred to Plaintiff as her business partner and an owner of AR Wines.

13.

At all time periods during which Plaintiff was contributing funds to Richardson and AR Wines, Richardson represented to Plaintiff that he was her business partner and was a co-owner of AR Wines.

14.

As of this date, Plaintiff has contributed funds to Richardson and AR Wines in excess of $229,014.40.

15.

Plaintiff has demanded that Richardson and AR Wines either return the full amount of his contributions or provide him with ownership shares in AR Wines.

16.

To date, Defendants have refused to return Plaintiff's contributed funds and have refused to convey to Plaintiff any ownership interest in AR Wines.

## COUNT I: FRAUD

17.

Plaintiff restates and incorporates herein the allegations from Paragraphs 1 – 16 of the Complaint.

18.

Defendants willfully misrepresented to Plaintiff that in exchange for his monetary contributions, he would be provided with ownership interests in AR Wines.

19.

Defendants made such representations in order to induce Plaintiff to contribute funds to Defendants.

20.

Plaintiff justifiably relied upon Defendants' misrepresentations and contributed funds to Defendants to his detriment.

21.

As a result of Plaintiff's justifiable reliance on Defendants' misrepresentations, Plaintiff sustained damages in an amount in excess of $229,014.40 to be determined at trial.

22.

Plaintiff is entitled to attorneys' fees from Defendants pursuant to O.C.G.A. § 13-6-11 for defendants' bad faith, stubborn litigiousness, and for having caused Plaintiff unnecessary trouble and expense.

23.

Plaintiff is further entitled to an award of punitive damages as a result of Defendants' willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care that raises the presumption of conscious indifference to the consequences of their actions.

## COUNT II: NEGLIGENT MISREPRESENTATION

24.

Plaintiff restates and incorporates herein the allegations from Paragraphs 1 – 23 of the Complaint.

25.

In the alternative, Defendants negligently misrepresented to Plaintiff that in exchange for his monetary contributions, he would be provided with ownership interests in AR Wines.

26.

Defendants' representations were false and were made recklessly without knowledge of their untruths.

27.

Plaintiff justifiably relied upon Defendants' misrepresentations and contributed funds to Defendants to his detriment.

28.

As a result of Plaintiff's justifiable reliance on Defendants' misrepresentations, Plaintiff sustained damages in an amount in excess of $229,014.40 to be determined at trial.

29.

Plaintiff is entitled to attorneys' fees from Defendants pursuant to O.C.G.A. § 13-6-11 for defendants' bad faith, stubborn litigiousness, and for having caused Plaintiff unnecessary trouble and expense.

30.

Plaintiff is further entitled to an award of punitive damages as a result of Defendants' willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care that raises the presumption of conscious indifference to the consequences of their actions.

## COUNT III: UNJUST ENRICHMENT

31.

Plaintiff restates and incorporates herein the allegations from Paragraphs 1 – 30 of the Complaint.

32.

In the alternative, Plaintiff alleges that Defendants have been unjustly enriched at his expense.

33.

Defendants have benefited from Plaintiff's contributions without providing due compensation or value for the contributions provided.

34.

As a result, Defendants have received a windfall or financial enrichment to which they are not entitled, and equity demands the repayment to the Plaintiff of the benefit received by the Defendants.

35.

Plaintiff is entitled to recover damages in excess of $229,014.40 to be determined at trial from Defendants for their unjust enrichment from accepting Plaintiff's contributions without compensating Plaintiff for the same.

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

a. As to the claim for Fraud, that the Court find in favor of Plaintiff and against Defendants;

b. As to the claim for Negligent Misrepresentation, that the Court find in favor of Plaintiff and against Defendants;

c. As to the claim for Unjust Enrichment, that the Court find in favor of Plaintiff and against Defendants;

d.  That the Court set this matter for jury trial;

e.  That the Court award Plaintiff attorney's fees in an amount to be determined; and,

f.  That the Court award such other good and proper relief as it deems necessary at law or in

    equity.

Respectfully submitted this 4th day of November, 2025

BRISKIN, CROSS & SANFORD, LLC
/s/ *Darshan Patel*
Michael Cross
Georgia Bar No. 198212
Darshan Patel
Georgia Bar No. 466552
Attorneys for Plaintiff

Briskin, Cross & Sanford, LLC
33 S. Main Street, Suite 300
Alpharetta, GA 30009
(770) 410-1555
mcross@briskinlaw.com
dpatel@briskinlaw.com

FILED 11/4/2025 3:17 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## General Civil and Domestic Relations Case Filing Information Form

■ Superior or ☐ State Court of _____DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed __11/4/2025__ | Case Number __25CV10006__ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Hord | Allen | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Richardson | Ariel | | | |
| A Rich | Wines LLC | | | |

Plaintiff's Attorney __Darshan Patel__   State Bar Number __466552__   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.